### J. J. JONES v. THE STATE.

*No. 176.   Decided May 6.*

**Witness—Convict.**—Of persons declared by statute incompetent to testify, are " all persons who have been or may be convicted of felony in this State" (subdivision 5, article 730, Code of Criminal Procedure); and by article 27, Penal Code, it is declared, that " an accused person is termed a *convict*, after final condemnation by the court of highest resort which by law has jurisdiction of his case, and to which he may have thought proper to appeal." *Held*, that an accused person who has been found guilty of felony in the trial court, is not rendered thereby incompetent to testify as a witness until there is a final disposition of his case by sentence from which there has been no appeal in the lower court, or in case he has taken an appeal, until the judgment be affirmed by the appellate court.

APPEAL from the District Court of Throckmorton.   Tried below before Hon. C. P. WOODRUFF.

On a trial under an indictment for burglary, appellant was found guilty, with his punishment affixed at a term of six years in the penitentiary.

There is but a single question upon which the case was decided upon appeal, and the facts pertaining to that question having been sufficiently stated in the opinion, it is unnecessary to give any further statement of the facts adduced at the trial.

*F. W. Giraud, B. F. Thorpe,* and *T. J. Wright,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at six years in the penitentiary.

During the trial, the witness Ham testified in behalf of the State.   Defendant suggested the incompetency of the witness, because of a felony conviction, and supported his objection by evidence to the effect that he had been adjudged guilty of the same offense for which defendant was then being tried.   The court overruled the objection, and permitted the witness to testify.

The position, that a party becomes a convict alone because of the entry of judgment upon a verdict assessing a felonious punishment renders a party incompetent as a witness, is not a sound one under the provisions of the Texas statutes.   "An accused person is termed a convict after final condemnation by the highest court of resort which by law has jurisdiction of his case, and to which he may have thought proper to appeal."   Penal Code, art. 27.   In no event is he a convict until sentence has been pronounced upon him.   But if, after sentence, he prosecutes his appeal, his

sentence is suspended until the judgment be affirmed by the appellate court. As was said by Judge Willson in Arcia's case: "It is the sentence, therefore, and not the judgment, which, under our code, concludes a prosecution in a trial court, and until it has been pronounced it can not be said that the conviction in the trial court is complete, so as to work a forfeiture of civil rights. If, after sentence has been pronounced, no appeal is taken, conviction is complete, and its consequences attach and operate at once; but if an appeal be prosecuted, the effect of the appeal is to suspend and hold in abeyance the enforcement of the legal consequences of the conviction until the judgment of the court of last resort has affirmed the conviction had in the trial court." Arcia v. The State, 26 Texas Cr. App., 193.

This being the only question submitted for our consideration, we find no error in the ruling of the trial court admitting the witness to testify; wherefore the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.