### IKE ROBINSON v. THE STATE.

*No. 1017.    Decided May 13th, 1896.*

**Witness—Competency of One Convicted, But Who Has Appealed.**

Where it was shown that the proposed witness had been tried and convicted of a felony, but, that he had given notice of appeal, which had been entered on the short minutes of the court by the judge. Held: That the witness was competent to testify.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

This appeal is from a conviction for burglary, the punishment being assessed at four years' imprisonment in the penitentiary.

No statement necessary.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and given four years in the penitentiary, and appeals. There is no bill of exceptions in the record. In the statement of facts there is what may have been intended for a bill of exceptions to the introduction of the

witness, Steve Jackson, the ground of objection being that he had pre-
viously been tried for a felony, convicted, and sentenced.   We have ex-
amined the filing of the statement of facts, and it appears to have been
filed sixteen days after the motion for a new trial was overruled.   If
what purports to be a bill of exceptions in the statement of facts could
be regarded as such, it was filed too late to be considered by us.   It was
further shown, in said purported bill of exceptions, that the witness,
Steve Jackson, had given notice of appeal, which had been entered on
the short minutes of the court by the judge, and inquiry during the
progress of his examination on the part of the court elicited the fact that
he desired to prosecute an appeal in his case.   In this state of the record
the witness was competent.   We have examined the statement of facts
in the case, and the same furnishes ample testimony as to the guilt of
the appellant.   We find no error in the charge of the court, and the
judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.