## GEORGE STANLEY v. THE STATE.

### No. 1567. Decided June 24, 1898.

**Witness—Competency—Convict.**

Under provisions of Penal Code, article 27, an accused person is termed a convict after final condemnation by the highest court of resort which has jurisdiction of his case, and to which he may have thought proper to appeal. Held, a witness is not disqualified because of a conviction for felony until sentence has been passed upon and accepted by him; or, if he has appealed, until the judgment against him has been affirmed.

Appeal from the District Court of San Jacinto.  Tried below before
Hon. L. B. Hightower.

Appeal from a conviction for murder in the second degree; penalty,
ten years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Jack Lawson,
on the 8th of July, 1897, by shooting him with a gun.

There is no statement of facts in the record.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted for murder in the
second degree, and his punishment assessed at confinement in the peni-
tentiary for a term of ten years; hence this appeal.

The record does not contain a statement of the facts.  A bill of excep-
tions was reserved to the action of the court permitting Tom Fitze to
testify against appellant.  As the ground for this objection, it is stated
that said Fitze was convicted during that term of the court in two cases,
each being a felony; that these convictions occurred about eight days be-
fore he was permitted to testify against appellant, and no motion for a
new trial had been made in either case.  The court states, in connection
with this bill, and in explanation thereof, that the witness had not been
sentenced in either case, and had not had counsel to defend him, and had
himself asked the court to defer passing sentence upon him until he
could secure the services of an attorney to file motions for new trial.
This request was granted by the court.  This action of the court was not
erroneous.  Article 27, Penal Code, provides: "An accused person is
termed a convict after final condemnation by the highest court of resort
which, by law, has jurisdiction of his case, and to which he may have
thought proper to appeal."  It has been held that under this statute an
accused person is not a convict until sentence has been passed upon and
accepted by him, or, if he sees proper to prosecute an appeal from the
sentence, he would not be a convict until the judgment against him
should be affirmed.  Until he becomes a convict in fact, either by accept-
ing sentence, or the judgment against him has been affirmed, he would
be a competent witness.  See Arcia v. State, 26 Texas Crim. App., 193;
Woods v. State, 26 Texas Crim. App., 490; Jones v. State, 32 Texas
Crim. Rep., 135; Evans v. State, 35 Texas Crim. Rep., 485.

The other questions suggested for consideration pertain exclusively to
the facts, and, as before stated, the evidence is not before us.  We can
not, therefore, revise the questions.  The judgment is affirmed.

*Affirmed.*