WOODMEN OF THE WORLD v. DODD et al.

(Court of Civil Appeals of Texas. Feb. 2, 1911. Rehearing Denied Feb. 16, 1911.)

1. INSURANCE (§ 748*)—BENEFIT CERTIFICATES —FORFEITURE—"CONVICTION OF A FELONY" —"CONVICT."

Where a benefit certificate provided for forfeiture if a member was convicted of a felony, the policy was not forfeited where insured died pending a motion for rehearing on appeal from a conviction of manslaughter, under Code Cr. Proc. art. 884, providing that the judgment of conviction if suspended does not become final while an appeal remains undetermined, and Penal Code, art. 27, declaring that an accused person is a convict only after final condemnation by the court of last resort to which it may have been thought proper to appeal.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 748.*

For other definitions, see Words and Phrases, vol. 2, pp. 1584–1591; vol. 8, p. 7619.]

2. INSURANCE (§ 787*)—FORFEITURE—DEATH WHILE VIOLATING THE CRIMINAL LAWS OF THE STATE.

Where insured while insane and resisting arrest was killed by the sheriff, his insurance was not forfeited under a provision for forfeiture in case insured met his death while violating the criminal laws of the state.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1957; Dec. Dig. § 787.*]

Appeal from District Court, Marion County; R. D. Hart, Special Judge.

Action by Mrs. Eddie Proctor Dodd and others against the Woodmen of the World. Judgment for plaintiffs, and defendant appeals. Affirmed.

The suit is by the beneficiary on a policy of life insurance issued by appellant, a fra-

---

ternal benevolent association, to C. H. Proctor. The appellant claimed that the policy, according to its terms, was avoided because the insured had been convicted of a felony, and because the insured when he met his death was violating the criminal laws by resisting and assaulting the officer who came to arrest him. Appellees' replication to the plea of avoidance was that the judgment of conviction for manslaughter in the district court was pending on appeal to the Court of Criminal Appeals, and was not finally disposed of at the time of the death, and that as to the second ground of avoidance he was insane and irresponsible in law for his acts and conduct. The policy provides that it shall be null and void, and all rights shall be absolutely forfeited without notice, "if the member holding this certificate shall be convicted of a felony, or should die from an act or acts in consequence of the violation or attempted violation of the laws of the state." The facts are that the insured was indicted for murder. On the first trial the jury disagreed, and the second trial resulted in a conviction for manslaughter. The case was appealed to the Court of Criminal Appeals, and on June 24, 1908, the judgment of the trial court was affirmed. A motion for rehearing was made and filed, and was pending at the death of the insured on October 2, 1908. On proper motion of suggestion of his death the Court of Criminal Appeals on October 14, 1908, entered an order dismissing the motion for rehearing on account of the death of appellant. Pending the appeal the insured was granted bail; and after the affirmance of the judgment, and before there was any ruling on the motion for rehearing, some of his bondsmen filed an application with the clerk of the district court to be further relieved as sureties on the bond. This application, it is admitted, required the clerk to issue a warrant for the arrest of Proctor, which warrant was placed in the hands of the sheriff of the county for execution. It appears from the evidence that, when the sheriff undertook to execute the warrant, the acts and conduct of the insured towards him became so violent and dangerous as to require the sheriff in his own necessary self-defense to shoot and kill the insured. The appellees offered evidence going to show that the insured was insane and legally irresponsible for his acts and conduct toward the sheriff. The trial was to a jury, and verdict for appellees.

F. H. Prendergast and E. E. Brougher, for appellant. T. D. Rowell, for appellees.

LEVY, J. (after stating the facts as above). Appellant for error contends that the court should have directed a verdict in its favor because the agreed facts show that the insured had been convicted of a felony prior to his death, and this conviction avoided the policy sued on. According to the terms of the policy, all rights and benefits thereunder ceased when the insured member "shall be convicted of a felony." Clearly these words of the policy were used, we think, to denote the final result of the prosecution in a court of competent jurisdiction. He must have been finally adjudged guilty. The words import all that the statute of the state in which the trial is had requires before holding the insured to the status of a convict. If the words were to be so construed as to signify merely the finding of the jury that the insured was guilty, then a forfeiture of the policy would be worked then and there on the verdict of the jury, although the trial court on motion for new trial or the appellate court on appeal should set aside the verdict on legal grounds. The accomplishment of such a result to the rights of a member could not reasonably have been intended by a benevolent association. Evidently the purpose of inserting the condition in the policy was to protect the order against and withdraw benefits from any member who subsequently by his violation of the felony laws was finally declared by due process of law a felon. So interpreting the meaning of the language of the policy, it could not be said, we think, that the insured at the time of his death had under the laws of this state the legal status of a convict. Article 884, Code Cr. Proc. 1895, provides that the judgment of conviction is suspended, and does not become final while the appeal remains undetermined. Article 27, Pen. Code 1895, provides that an accused person is "a convict" only after final condemnation by the highest court of resort which by law has jurisdiction, and to which he may have thought proper to appeal. See Jones v. State, 32 Tex. Cr. R. 135, 22 S. W. 404; Brannan v. State, 44 Tex. Cr. R. 399, 72 S. W. 184. The motion for rehearing pending in the Court of Criminal Appeals operated to suspend the judgment of conviction, and, as long as it was pending and undisposed of, there was no final judgment of conviction against the accused. It was admitted that the insured died before the motion for rehearing was finally acted on, and therefore the policy was not avoided on the ground of a conviction of a felony, as contemplated by the policy sued on.

The appellant next for error contends that the evidence is insufficient to establish the fact that Proctor was insane at the time he resisted the officer and was killed. If Proctor were insane, then he was legally irresponsible for his acts and conduct, and the policy would not be avoided. The facts in evidence were amply sufficient, we think, to raise and to require the court to pass the issue to the jury, and their finding is warranted by the testimony. And we do not feel authorized to disturb the finding merely because there are contradictory facts.

It would serve no useful purpose to set out the facts.

The judgment was ordered affirmed.