### LEE SHEPPARD V. STATE.

No. 1543.   Decided November 8, 1911.

**1.—Burglary—Statement of Facts—Approval of Judge.**

Where a purported statement of facts is neither signed nor approved by the trial judge, the same can not be considered.  Following Brooks v. State, 2 Texas Crim. App., 1.

**2.—Same—Convict—Bill of Exceptions—Sentence.**

A judgment of conviction does not disqualify a witness until he is sentenced; besides, there was no bill of exceptions.

**3.—Same—Charge of Court—Accomplice.**

In the absence of a statement of facts, it must be assumed that the evidence showed that the witness was an accomplice and that the charge thereon was proper.

**4.—Same—Charge of Court—Principals—Words and Phrases.**

Where the definition of principals in the court's charge was correct, and the phrase "both being present" followed the word "if" and was limited thereby, the same was not a charge on the weight of the evidence, and there was no error.

**5.—Same—Charge of Court—Accomplice.**

Where, upon trial of burglary, the court's charge on accomplice testimony did not assume that the same was true, there was no reversible error.

Appeal from the District Court of Angelina.   Tried below before the Hon. James I. Perkins.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*I. D. Fairchild* and *Martin Feagin,* for appellant.—On question of accomplice and principal:  Jones v. State, 72 S. W. Rep., 845; Hart v. State, 82 S. W. Rep., 652; Bell v. State, 47 S. W. Rep., 1010; Jordan v. State, 51 Texas Crim. Rep., 145, 101 S. W. Rep., 247; Spears v. State, 24 Texas Crim. App., 537.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with burglary, by the grand jury of Angelina County.   When tried he was found guilty, and his punishment assessed at three years confinement in the penitentiary.

There is with the record what purports to be a statement of facts, but it is neither signed nor approved by the judge of the court trying the cause.   A document purporting to be a statement of facts, and

signed as such by the attorneys for the State and the accused, but not approved and signed by the judge, constitutes no part of the record, and in this court the case stands as though there had been no effort to make a statement of facts. This matter is fully discussed in Brooks v. State, 2 Texas Crim. App., 1, and has been followed in an unbroken line of decisions by this court. It must be authenticated by the judge's signature. See list of authorities collated · under section 1169 of White's Annotated Code of Criminal Procedure.

In his motion for a new trial appellant complains that the court erred in admitting the testimony of the witness Joe Lightfoot, because said witness had plead guilty to the charge of burglary, and his punishment had been assessed by the jury at confinement in the penitentiary for a term of four years. There is no bill of exceptions reserved to the action of the court in admitting this testimony, consequently we can not review the matter. But if a bill had been reserved, and the witness had not been sentenced at the time he was offered as a witness, he would not be disqualified. A judgment of conviction does not disqualify a witness—the sentence must have been pronounced by the court. Jones v. State, 32 Texas Crim. Rep., 135; Arcia v. State, 26 Texas Crim. App., 193.

Appellant also complains that the court erred in his charge in instructing the jury that the witness Joe Lightfoot was an accomplice, and that such charge was upon the weight to be given the testimony. In Sessions v. State, 37 Texas Crim. Rep., 58, it is held that where it is apparent that a witness testifying in a case is an accomplice, the court should instruct the jury to that effect, and should not submit the question of his being an accomplice to the jury. See also Armstrong v. State, 33 Texas Crim. Rep., 417; Zollicoffer v. State, 16 Texas Crim. App., 312; Elizando v. State, 31 Texas Crim. Rep., 237. There being no statement of facts, we must assume that the evidence proved the witness to be an accomplice beyond controversy, and if so the court did not err in so charging the jury.

In another bill appellant complains that the court erred in that portion of his charge to the jury, wherein the jury was instructed: "All persons are principals who are guilty of acting together in the commission of the offense, and any person who advises or agrees to the commission of an offense and is present at its commission is a principal thereto whether he aids or not in the commission of the illegal act," and "So, if Peavy's storehouse was burglarized and Joe Lightfoot and defendant both being present acted together, that is, with a common purpose and design to commit such burglary and the burglary was committed in pursuance of such common design, then both would be guilty as principals, no matter what particular part either or each performed in the execution of such design." The definition of "principals" given in the excerpt first quoted is correct, and the appellant's objection to it is without merit.

In the last quoted excerpt the appellant objects to the use of the words "both being present," which he claims plainly instructs the jury that both Lightfoot and Sheppard were present at the commission of the offense. This phrase "both being present" is limited by the word "if." The court instructs the jury that if Peavy's store was burglarized and Joe Lightfoot and Sheppard were both present and acted together in the commission of the burglary then both would be principals, no matter what part either performed in the execution of the design.

In other bills appellant complains that the court erred in its instruction to the jury, wherein it charges, "If the testimony of the witness Joe Lightfoot, an accomplice in this case, or of said witness and other or others whom you believe to be accomplices, if any, has been corroborated, and the evidence when taken together, leaves you without a reasonable doubt as to the guilt of the defendant, you will return a verdict of guilty; otherwise not guilty," because, appellant claims, the instruction assumed the testimony of Joe Lightfoot to be true and made a case against the appellant, and it only remained for the State to introduce evidence tending in any degree to connect the appellant with the commission of the offense charged against him. The excerpt of the court's charge to the jury above quoted, does not assume, as appellant claims it does, that the testimony of Joe Lightfoot, an accomplice, was true, but on the other hand charges the jury that if they believe beyond a reasonable doubt from the testimony given by Lightfoot taken together with all the other evidence that the defendant is guilty, they will find him guilty, otherwise not. The court further charged the jury: "If you believe beyond a reasonable doubt the evidence of the accomplice witness or witnesses to be true, but have a reasonable doubt as to whether or not the same is corroborated in the manner and to the extent above required you will acquit the defendant."

If the charge as given is applicable to any state of facts that might be proven under the indictment, in the absence of a statement of facts, we must assume that the court correctly presented the law.

The judgment is affirmed.

*Affirmed.*