JESSIE WEATHERFORD, ALIAS JESSIE NORTON, v. THE STATE.

No. 3074. Decided April 8, 1914.

1.—Forgery—Representation by Counsel—Suspension of Sentence.

Where a defendant desires to make application for a suspension of sentence, the court shall appoint an attorney to prepare the plea; but where the record shows that the court not only attempted to do so, but that the defendant immediately after she entered a plea of guilty in the instant case and after a jury returned a verdict, entered a plea of guilty to another charge of forgery and her punishment was assessed again at two years in the penitentiary, the defendant would not be entitled to a suspension of either sentence, having entered pleas of guilty to two felonies on the same day, and the matter presents no error.

2.—Same—Sufficiency of the Evidence—Plea of Guilty.

Where, upon trial of forgery, the evidence was sufficient to sustain the conviction, on a plea of guilty, the defendant receiving the minimum punishment, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of sufficiency of the evidence on plea of guilty: Evers v. State, 32 Texas Crim. Rep., 283; Josef v. State, 33 id., 251; Martin v. State, 36 id., 632.

HARPER, JUDGE.—This is a companion case of that of the same appellant disposed of at the last session of this court. In this case, as in the other, she entered a plea of guilty, and the evidence is just about the same, and under the authorities cited in that case, we hold that the evidence is sufficient to sustain the conviction on a plea of guilty, she receiving the minimum punishment for forgery. In no case other than where capital punishment may be assessed is the court required to appoint counsel for a person on trial, except it is provided in the suspended sentence law, when a person is charged with a felony and has no counsel, the court shall apprise him or her of the fact that she may make application for a suspension of sentence, and if the person on trial expresses a desire to enter such plea, the court shall appoint an attorney to prepare the plea. The affidavit of Judge Seay is in the record, wherein he states when appellant was brought into the courtroom the following took place:

"The Court: There are two cases of forgery against you and I am informed that you have an idea of pleading guilty. The defendant: Yes, sir. The Court: Do you understand the nature and consequences of what you are doing? You understand that the punishment is from two to seven years? The defendant: I guess I do. Thereupon, the court turned to Mr. Willis Pierson, an attorney who was engaged in another case, before the bar, and stated to Mr. Pierson that the law required me to appoint an attorney to prepare an application for suspended sentence, if the defendant desired, to which Mr. Pierson responded that the woman had been forging the name of some of his kinsmen and 'I don't care to have anything to do with it.' Thereupon, the court turned to Judge M. M. Brooks who was in the case with Mr. Pierson that was pending for trial, and appointed Judge Brooks to represent the defendant, as the stenographer's report shows. The court then took up the law of suspended sentence and told Judge Brooks that this was a new law and having examined it, the court would explain it to him, and that the court was required by law to appoint an attorney to find out if the defendant wanted to file the application, and if so to file one for her, and that the court had blanks prepared for that use. The court furthermore said something of trouble which arose in this case, owing to the fact that the defendant intended to plead guilty twice and I hardly knew how the suspended law could be utilized, for if the jury suspended the first sentence, then in the second, she could not make application for a suspen-

sion of sentence, and the first suspension of sentence would be set aside. I turned to other matters while Judge Brooks talked to the defendant, and after a short time Judge Brooks said to the court: 'The defendant seems to understand clearly what she is is doing, your honor.' After which remark Judge Brooks either walked out of the room or walked away to look after the Mills case that he was engaged in."

This affidavit of Judge Seay is supported by the affidavit of Sheriff Brandenburg, A. C. Cason, Jr., stenographer, and M. J. Edling, clerk of the court. The affidavit of Judge Brooks is also in the record in which he states that he did not explain to the woman her rights under the suspended sentence law, and did not know the judge relied on him to do so. The record also discloses that immediately after she entered the plea in this case, and the jury returned a verdict, she entered a plea of guilty to another charge of forgery, and her punishment was assessed again at two years in the penitentiary. Under section 4 of the suspended sentence law appellant would in no event be entitled to a suspension of either sentence, having entered pleas of guilty to two felonies on the same day, and the matter presents no error.

The judgment is affirmed.

*Affirmed.*