## BEN BURNETT v̇. THE STATE.

### No. 4804. Decided February 27, 1918.

**1.—Burglary—Charge of Court—Requested Charge.**

Where the requested charge with reference to the purchase of the alleged property was not properly drawn, there was no error in refusing it. However, if a corrected requested charge upon this issue had been submitted, the court should have given it.

**2.—Same—Evidence—Other Offenses—Res Gestae.**

Where the alleged offense of burglary and others of the same nature were so linked together in point of time and circumstances as to render the act constituting proof of all in order to develop one, and formed part of the res gestae, there was no error in admitting testimony with reference thereto. Following Lynne v. State, 53 Texas Crim. Rep., 375, and other cases.

**3.—Same—Evidence—Flight—Circumstances.**

Where, upon trial of burglary, there was evidence that defendant was within hearing distance when the officers called to him before making his arrest, and that he was aware of the fact that the burglary had been discovered and was engaged in flight, there was no error in admitting said testimony.

**4.—Same—Evidence—Letter—Self-serving Declarations.**

Upon trial of burglary there was no error in excluding a letter written by defendant after he knew that he was suspected of the offense, etc., as this was self-serving.

**5.—Same—Evidence—Accomplice—Corroboration—Suspended Sentence.**

Where, upon trial of burglary, testimony of a State's witness was introduced to corroborate the testimony of the accomplice, and it appeared from the record that said witness had been recently convicted of a felony in seven separate cases from which there had been no appeal, and in which there was a suspended sentence in each case, while an anomalous preceeding, yet in view of the fact that the witness was not disqualified from giving his testimony, this court can not enforce the rule laid down in article 865b, C. C. P., and 865e, C. C. P.

**6.—Same—Evidence—Part of Declaration.**

Where, upon trial of burglary, the record showed that defendant was prosecuted on two indictments of burglary growing out of the transaction involved in the instant case, and that he testified in the other cases, and that the State on this trial introduced a witness, who reproduced a portion of the testimony thus given, the defendant should have been permitted to prove by the same witness other facts testified to by him at the same time that he gave the testimony which was reproduced, under article 811, C. C. P.

**7.—Same—Common Law Rule—Statutory Rule.**

The statute expands the common law rule and does not restrict the explanatory act, declaration, etc., but expands the rule so as to render such acts or statements admissible, although the same may have transpired at a time so remote as to not be admissible as res gestae. Following Greene v. State, 17 Texas Crim. App., 395, and other cases.

Appeal from the District Court of Wise. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

Vol. 83. Crim.-7

The opinion states the case.

*Benson & Benson* and *Ratliff & Spencer,* for appellant.—On question of defendant's explanation of his possession of alleged stolen property: Ward v. State, 41 Texas, 611; Shackelford v. State, 43 id., 138.

On question of other offenses: Overstreet v. State, 68 Texas Crim. Rep., 238, 150 S. W. Rep., 630; Clark v. State, 59 Texas Crim. Rep., 246, 128 S. W. Rep., 131; Herndon v. State, 50 Texas Crim. Rep., 552, 99 S. W. Rep., 558; Hill v. State, 73 S. W. Rep., 9; Williams v. State, 41 S. W. Rep., 645; Long v. State, 47 S. W. Rep., 363; McIver v. State, 60 S. W. Rep., 50.

On question of accomplice testimony: Johnson v. State, 12 Texas Crim. App., 385; Castellow v. State, 15 id., 551; Miller v. State, 18 id., 34; Loving v. State, 18 id., 459.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant's conviction was for burglary. The theory of the State is that appellant and one Wilson Lanier committed the burglary. Among the articles stolen were some sacks of flour, which were found in the possession of appellant. His theory was that he was not connected with the burglary, but purchased the flour from Lanier. The record contains a number of bills of exception; many of them present no new or debatable question. These have been examined but will not be discussed.

Some of the special charges requested contained correct legal propositions applicable to the case, but with one exception they were sufficiently embraced in the main charge and the special charge which was given.

It was an undisputed fact that after the flour was stolen and taken to appellant's home, and delivered to him, that he gave to the alleged accomplice, Lanier, some money, the State's theory being that this money was given Lanier to compensate him for his part of the crime committed by him and appellant, and appellant's theory being that he took no part in the crime, and that the money was delivered to Lanier in the purchase of the flour. The special charges drawn by appellant touching this issue were so drawn as to be subject to the construction that even if appellant participated in the crime, his purchase of the flour from Lanier would excuse him. If a correct special charge upon this issue had been submitted, it would have been the duty of the court to have given it to the jury.

Evidence that appellant and Lanier committed another burglary was admitted, and is complained of. The State's evidence on this issue tends to show that Lanier at appellant's request, and with money furnished by him, hired a buggy in which they rode together at night-time, and that they entered a storehouse belonging to one McKay and took

therefrom certain articles, including some sacks of flour; that about the same time, on the same trip, they entered a store of another party and took therefrom some articles, including several sacks of flour; that the flour taken from each of the buildings was put by appellant and Lanier in the buggy and by them taken to appellant's house and left in his possession, and subsequently found and identified there. The learned trial judge was of the opinion that the proof of acts of appellant and his accomplice, Lanier, in breaking into the other store and taking therefrom the property described was not inhibited by the rule against the admission of other crimes, but was within one of the exceptions thereto in that it was a part of the res gestae. In making proof of the facts showing the connection of appellant with the offense charged it was, we think, competent for the State to trace by the evidence the appellant and his accomplice on the occasion of the alleged offense, and to develop as part of the res gestae the various things that they did while on the expedition in question. Their acts were admissible. The fact that these acts disclosed another offense does not operate to deny the State the right to prove them. The two offenses were so linked together in point of time and circumstance as to render the acts constituting proof of both admissible in order to develop one. Appellant's connection with Lanier in the transaction in which he got possession of the flour was a controverted issue. His possession of flour from both the buildings was one of the circumstances which we think rendered the whole transaction with reference to the acquisition of the flour from the owners admissible, in that it tended to connect him with the offense. Lynne v. State, 53 Texas Crim. Rep., 375; Watters v. State, 94 S. W. Rep., 1038; People v. Nagle, 100 N. W. Rep., 273; Kelly v. State, 35 Am. St. Rep., 885; Ruling Case Law, vol. 8, p. 200.

We do not think the objection to the testimony of the witnesses who claimed that when they went to arrest appellant they saw him at a distance and called to him, is sound. The point is made that it was not shown that appellant heard them. There is evidence that he was in hearing distance; that he was aware of the fact that the burglary had been discovered, and that his possession of the stolen property was known, and that at the time he was seen he was engaged in flight, which he subsequently accomplished, leaving the State.

The letter to one of the parties written by appellant after he knew that he was suspected of the offense and while he was engaged in his flight was inadmissible for the reason that it was a self-serving declaration.

A witness by the name of Chastian gave some testimony against the appellant tending to corroborate the testimony of the accomplice, and show appellant's connection with the crime. It appears that this witness had been recently convicted of a felony in seven separate cases from which there had been no appeal. Objection was made to his evidence upon the ground that he was disqualified as a convicted and un-

pardoned felon. The court overruled the objection, and in qualifying the bill states that there were seven charges against the witness; that they were all submitted to the jury by agreement at one time, and one verdict returned finding him guilty and suspending the sentence in each of the cases.

Article 865b, Code of Criminal Procedure, prescribes the power of the trial court to suspend the sentence of one convicted of a felony. It contains the following provision: "Provided, that in no case shall sentence be suspended except when the proof shall show and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this State or any other State." Article 865e, Code of Criminal Procedure, provides, that when one is convicted of a felony and the sentence suspended, and is convicted of another felony, the court shall issue a capias for his arrest and pronounce sentence upon him in the original conviction.

In view of these provisions of the statute it is difficult to understand by what legal procedure one could be convicted of seven felonies in the same court and receive the benefit of a suspended sentence in each of them. The absence of such power has been expressly declared by this court in Weatherford v. State, 73 Texas Crim. Rep., 440.

Article 788, Code of Criminal Procedure, declares that one who has been convicted of a felony is disqualified from testifying as a witness. It has been held under this statute uniformly that the term "conviction of a felony" as used in the statute means a final conviction, final judgment, and that one is not disqualified who has not been sentenced. Flournoy v. State, 59 S. W. Rep., 903; Arcia v. State, 26 Texas Crim. App., 193; Jones v. State, 32 Texas Crim. Rep., 135; Robinson v. State, 36 Texas Crim. Rep., 104; Foster v. State, 39 Texas Crim. Rep., 399; Underwood v. State, 38 Texas Crim. Rep., 193; Stanley v. State, 39 Texas Crim. Rep., 482, and other cases cited in Vernon's C. C. P., p. 701. See Sheppard v. State, 63 Texas Crim. Rep., 569. This rule has been applied to one whose sentence has been suspended under article 865b.

Anomalous as the condition presented by this record appears, we are precluded by the rule just stated from holding the witnesses who had been convicted of felonies but who had not been sentenced disqualified from giving their testimony.

We gather from the record that appellant was prosecuted on two indictments for burglary growing out of the transaction involved in this case; that on the trial of the other case he testified, and that the State on this trial introduced a witness who reproduced a portion of the testimony given by appellant with reference to the same facts and with reference to the same defenses that he interposes in this case. The appellant then offered to prove by the same witness other facts testified to by the appellant at the same time that he gave the testimony which was reproduced. The court, on objection of the State, denied appellant

this privilege, qualifying the bill with the statement, in substance, that he thought appellant was not entitled to reproduce his testimony on matters not gone into by the State. The statute, article 811, Code of Criminal Procedure, is. as follows:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all other letters on the same subject between the same parties may be given. And when a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

The reproduced testimony of the appellant is a detailed declaration or conversation tending to show the guilt of appellant, and introduced for the purpose of showing his guilty connection with the stolen property and the confessed accomplice. It would seem that what he said at the same time in explanation of that which was relied upon and introduced by the State would, under the statute, be admissible. The rule that where the State relies upon the admission of the accused in the nature of a confession which contains a recital of inculpatory facts, that the appellant is entitled to have the whole statement go before the jury, is well established. Branch's Ann. P. C., p. 44, sec. 73, and numerous cases are cited in the same book, p. 59, sec. 92, illustrating the views of the court in construing the statute above quoted. From Vernon's Annotated Code of Criminal Procedure, page 759, we quote the following interpretation of the scope of the statute:

"This article expands the common law rule. At common law, when a confession or admission is introduced in evidence against a party, such party is entitled to prove the whole of what he said on the subject at the time of making such confession or admission. But this article does not restrict the explanatory act, declaration, conversation, or writing, to the time when the act, declaration, conversation or writing sought to be explained, occurred, but extends the rule so as to render such acts or statements admissible, if necessary to a full understanding of, or to explain, the acts or statements introduced in evidence by the adverse party, although the same may have transpired at a time so remote even as to not be admissible as res gestae. Greene v. State, 17 Texas Crim. App., 395 (overruling Shrivers v. State, 7 Texas Crim. App., 450, in so far as it conflicts with the above). See, also, Rainey v. State, 20 Texas Crim. App., 455; Harrison v. State, 20 Texas Crim. App., 387, 54 Am. Rep., 529; Smith v. State, 46 Texas Crim. Rep., 267, 81 S. W. Rep., 936, 108 Am. St. Rep., 991." Other illustrations of the rule will be found in Streight v. State, 62 Texas Crim. Rep., 453; Allen v. State, 64 Texas Crim. Rep., 225; Fitzpatrick v. State, 37 Texas Crim. Rep., 20; Pratt v. State, 53 Texas Crim. Rep., 281; Ballenger v. State, 63 Texas Crim. Rep., 657; Shaw v. State, 73 Texas Crim. Rep., 337.

In view of these authorities we are constrained to hold that the court was in error in excluding the proffered testimony, which error requires a reversal of the judgment, which is accordingly ordered.

*Reversed and remanded.*

PRENDERGAST, Judge, absent.