Clarence Carter v. The State.

No. 5911.   Decided October 20, 1920.

Forgery—Suspended Sentence—Former Conviction—Rule Stated.

> The rule is that one who was convicted of felony in two cases shortly after another could not receive a suspended sentence, and there was no error in the instant case in the court's action not to permit the jury to pass upon the question of suspended sentence, defendant having been convicted of a felony, and his punishment fixed at two years in the penitentiary preceding the instant trial, with a suspended sentence.   Following Weatherford v. State, 73 Texas Crim. Rep., 440, and other cases.

Appeal from the District Court of Collin.   Tried below before the Honorable Silas Hare.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for forgery.   The trial took place in February, 1920.   The appellant sought to avail himself of the statute permitting the jury to suspend the sentence, Art. 865B, C. C. P.   The court declined to submit that matter to the jury for the reason that in October preceding the trial appellant had been convicted of a felony, and his punishment fixed at two years confinement in the penitentiary with a suspension of sentence.   It does not appear that there is any appeal from this conviction, but that it stood subject to the provisions of the suspended sentence law.   See Art. 865D and E, C. C. P.   The action of the trial judge is in accord with the construction given to the law by this court in Weatherford v. State, 73 Texas Crim. Rep., 440, in which it was expressly held that one who was convicted of a felony in two cases upon the same day could not receive a suspended sentence.   The case was referred to in Burnet v. State, 83 Texas Crim. Rep., 97, 201 S. W. Rep., 409.

We approve the ruling of the trial court, and order the judgment affirmed.

*Affirmed.*