SAM HARDY v. THE STATE.

No. 6324.  Decided June 8, 1921.

1.—Robbery—Jury and Jury Law—Copy of Venire—Challenges.

Where the record showed that in each instance where there was a variance in the name of jurors as shown on the original venire, and the officers return and copy, the State exhausted challenges, and where no

service was shown on the juror drawn, defendant waived his right to have the juror attached and brought in, there was no error in overruling the motion to quash the venire. Following Mitchell v. State, 36 Texas Crim. Rep., 278, and other cases.

### 2.—Same—Continuance—No Different Result—Motion for New Trial.

Where the record on appeal showed that even if the absent witnesses had been present and testified to all the facts, which defendant claimed they would have sworn to, that no verdict more favorable to defendant would have resulted, there was no error in overruling the motion for continuance and the motion for new trial. Following Clowers v. State, 228 S. W. Rep., 226.

### 3.—Same—Evidence—Principals—Other Transactions—Same Transaction.

Where, upon trial of robbery, the evidence showed that defendant and his companions were acting together, it was immaterial which one committed the various assaults on the different parties injured, as it was a joint interprise in which all were participating, and it was, therefore. no reversible error to permit testimony as to what occurred in the same continuous transaction.

### 4.—Same—Evidence—Principals—Conspiracy—Acts of Defendant.

Upon trial of robbery, where defendant acted as principal with others, it was immaterial whether it was defendant or some of his confederates who struck the blow, as the act of one was the act of all.

### 5.—Same—Evidence—Other Offenses—One Transaction.

Where, upon trial of robbery, the evidence showed that defendant and others acted together and that it was all one transaction, and the developments of the cases disclosed the acts of the various participants, it was proper and permissible to prove all that defendant and his confederates did during the entire affair, although it may have shown the robbery of more than one party, Following Burnett v. State, 83 Texas Crim. Rep., 97, 201 S. W. Rep., 409.

### 6.—Same—Evidence—Practice in Trial Court—Common Law Rule—Rebuttal.

The common law rule, as to rebuttal, does not apply in this State, and upon trial of robbery, there was no error in permitting the State after defendant rested his case, to put on other witnesses who were present during the transaction and whose testimony was pertinent to the issues under investigation, and there is no merit in the objection that this testimony was not in rebuttal.

### 7.—Same—Requested Charges—Collateral Matter.

Where, upon trial of robbery, the issue as to whether the parties had been engaged in a gambling transaction prior to the robbery was only a collateral matter, there was no error in the court's main charge in instructing the jury on this phase of the case, and in refusing the requested charges which substantially presented the same issue incorporated in the main charge.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of robbery; penalty, twelve years' imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams* and *J. A. Ward,* for appellant.—On question of certified copy of venire: Jones v. State, 33 Texas Crim. Rep., 617; Burries

v. State, 36 id., 13; Farrar v. State, 44 id., 236; Ollora v. State, 60 id., 317.

On question of other transactions: Koller v. State, 36 Texas Crim. Rep., 499; Beard v. State, 55 id., 154; Taylor v. State, 164 S. W. Rep., 844.

On question of other offenses: Williams v. State, 38 Texas Crim. Rep., 128; Morgan v. State, 62 id., 120.

On question of requested charges on gambling transactions: Moore v. State, 59 Texas Crim. Rep., 361; Burnside v. State, 51 id., 403; Newton v. State, 62 id., 622.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited cases in opinion.

HAWKINS, JUDGE.—Conviction was for robbery. Punishment was assessed at twelve years in the penitentiary.

Appellant filed a motion to quash the service on him of the purported copy of the jurors summoned to try the case, because the officer's return showed O. M. *Shurtliff,* O. T. Fishback, E. F. *Stenson* and W. Porter, to have been summoned, and in the purported copy served on him, W. Porter's name was omitted, and the other names appeared as O. M. *Shutliff,* O. F. Fishback, and E. T. *Stenoson.* The court overruled the motion. The bill of exception presenting this matter bears the following explanation from the trial judge. "In each instance where there was a variance in the name as shown on the original venire, and the officer's return, and copy, the state exhausted a challenge, and where no service was shown on the juror drawn defendant waived his right to have the juror attached and brought in." There was no error in the court's action in the particular complained of. The variance was no ground for quashing the service or the panel. It seems in this case the State having assumed the burden of challenging such jurors, no possible injury could result. Mitchell v. State, 36 Texas Crim. Rep., 278; Hudson v. State, 28 Texas Crim. App., 323; Thompson v. State, 19 Texas Crim. App., 593; Melton v. State, 71 Texas Crim. Rep., 130, 158 S. W. Rep., 550.

An application for continuance on account of the absence of Olin Robertson was overruled and appellant assigns error. The diligence was sufficient. The facts which appellant shows he expected to prove by this witness "is that on the night of the alleged offense, and a few minutes before the trouble arose, the said witness was near the car and saw several Mexicans and negroes in the car and they were gambling; that shortly thereafter the witness heard a commotion at the said car where he had seen the parties, and at once the lights went out and he heard hollowing and saw several persons run from the said car, where it is claimed by the State the robbery took place. That he was near to the said car and did not hear any noise like a person beating or knocking on the car."

The evidence in the record shows that on the night of the alleged robbery Nicolas Hernandez and five other Mexicans were occupying a boarding car, and two other Mexicans were in another boarding car about two car-lengths away. That after the Mexicans had retired for the night appellant and his companions first went to the car occupied by the two, gained entrance to the car, made an assault on one, and the other one escaped. The wounded Mexican went to the car where the six were, and was taken in. Appellant and his confederates proceeded to that car, battered the door down, gained entrance and assaulted the Mexicans, and robbed Hernandez and others. Three or four of the Mexicans were considerably beaten and bruised. No marks of injury were visible on any of the negroes. The testimony showed from the officers and others that the side door of the car was broken practiaclly to splinters from blows from the outside. Appellant testified that he and his companions were gambling with the Mexicans, and that a dispute and fight arose over the game, and denied in *toto* the robbery.

We had occasion in the recent case of Clowers v. State 88 Texas Crim. Rep., 562, to review some of the authorities relative to applications for continuances. After quoting from several cases announcing the general rules, it was said, "If the witness Jaggears had been present in court and had testified to all the facts which appellant claims he would have sworn to, we do not believe a verdict more favorable to the appellant would have resulted." This statement seems to be peculiarly applicable here. The Mexicans all denied that any gambling was going on. That was only an incidental question. If the fact that all parties had been gambling was established it would not disprove a subsequent robbery charge. The application states that the witness would testify that he heard a "commotion" at the car. . There is no question that a commotion of a very serious character occurred during the progress of the alleged robbery, attended by considerable noise, and the discharge of a pistol, either during the time, or immediately preceding it. We cannot bring ourselves to believe that any injury was done appellant by the action of the court in overruling the application for continuance, or, in view of the entire record, hold any error was committed therein.

Appellant complains because the State was permitted to prove what occurred at the car where the two Mexicans were, and that one of them, in a bloody and bruised condition, came to the car where the six were. The evidence shows it to have been a continuous transaction from the time of the attack on the first car until the robbery was effected. One of the parties in the car where the six were was awakened by the beating on the other car, and roused his companions. Appellant and his companions were acting together, and it was immaterial which one committed the various assaults on the different Mexicans. It was a joint enterprise in which all were participating.

Hernandez was permitted to testify over appellant's objection that one of the negroes hit him in the head with a track-wrench, which

still had blood on it at the time of the trial, the objection being that it had not been shown that appellant struck him. It was immaterial whether it was appellant or some of his confederates who struck the blow. The act of one was the act of all, and properly provable against whichever one was on trial.

The witness Chaves was permitted to testify over objection that he saw appellant at the car where the robbery is claimed to have occurred, and that appellant was pointing a pistol at witness while some one else took his money. The objection offered was that it was a new and different offense than the one for which accused was on trial. What has been said heretofore applies equally to this assignment. It was all one and the same transaction. The development of the case disclosed the acts of the various participants, and although it may have shown the robbery of more than one party, it was *res gestae*, and proper and permissible to prove all that appellant and his confederates did during the entire affair. Burnett v. State, 83 Texas Crim. Rep., 97, 201 S. W. Rep., 409.

In making out its case in chief the State used two of the Mexicans who were present at the time of the alleged robbery. After appellant rested his case, the State then put on the other Mexicans who were present over the objection that it was not in rebuttal. The testimony of all these witnesses was pertinent to the issues under investigation, and there is no merit in the objection that it was not in rebuttal. The common law rule does not apply in this State in criminal cases. Article 717, Vernon's C. C. P. and note on page 398.

Appellant requested the following special charge:

"You are instructed in this case that if you find from the evidence that the defendant and others went to the camp of Nicholas Hernandez for the purpose of gambling with the Mexicans in the said camp, and did gamble with the said Mexicans, and that while so engaged in gambling a dispute arose between the Mexicans and the negroes and a fight insued and the Mexicans were beat up and Nicholas Hernandez was assaulted; and that the defendant then ran off and did not rob the said Nicholas Hernandez, and did not aid others in robbing him, then you will find the defendant not guilty.

"And if you have a reasonable doubt as to whether the difficulty arose over a gamble game, and as to whether the defendant robbed the said Nicholas Hernandez, then you will find the defendant not guilty." Error was assigned because of the failure of the court to give the charge requested. When we look to the main charge of the court we find the following:

"You are further instructed that if you believe from the evidence that this defendant, together with others, went to the place where this offense charged in the indictment is alleged to have occurred, and that they went there for the purpose of engaging in a gambling game, and that afterwards the defendant with such other persons and the Mexicans got into a dispute and that afterwards some other person, other

than the defendant, made an assault and robbed Nicolas Hernandez, if you find beyond a reasonable doubt that he was robbed, the defendant would not be guilty, unless you further find from the evidence beyond a reasonable doubt that the defendant was present at the time and knowing the unlawful intent of such other person, if any, aided by acts or encouraged by words or gestures such other person who was actually engaged in the unlawful act, if any, and that such other person, with defendant, acted together in the commission of the offense, and such act was in pursuance of a common intent and in pursuance of a previously formed design, in which the minds of all united and concurred."

Appellant's defense was that he did not participate in the robbery of Hernandez, if he was robbed. The issue as to whether the parties had been engaged in a gambling transaction prior to the robbery was only a collateral matter. We find the court telling the jury that, if appellant, together with others went to the place where the robbery is alleged to have occurred for the purpose of engaging in a gambling transaction, and that a dispute arose, and that afterwards some other person besides the appellant robbed Hernandez, that appellant could not be found guilty, unless he in some way participated in the robbery. This substantially presents to the jury the same issue incorporated in the special charge requested, and it was not necessary for the court to practically repeat an instruction which had substantially been given to the jury.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*