### AMERICAN INSURANCE UNION v BUCKLEY

Ohio Appeals, 2nd Dist, Franklin Co

No 2109. Decided March 1, 1932

C. S. Younger, Columbus, B. W. Gearhart, Columbus, and L. E. Bilger, Columbus, for plaintiff in error.

John H. Matthews, Columbus, for defendant in error.

**HORNBECK, J.**

The question presented is whether or not on the foregoing facts the defendant in error is entitled to the return of the premiums made as aforesaid. The trial court found in favor of defendant in error, and it is from this judgment that this proceeding in error is prosecuted.

It is claimed by plaintiff in error that the language, "and who has been **finally sentenced** by any court of record, * * *" refers to the time when the judgment of conviction has been finally determined as valid and binding, and that specifically in the instant case, it refers to the time when the last court to which error was prosecuted had by its judgment affirmed the conviction and sentence of the trial court.

It is the contention of defendant in error that "finally sentenced" refers to the sentence pronounced by the trial court after conviction.

We are in accord with the position of the defendant in error. In the instant case there was but one sentence which was the final sentence and it was pronounced as of date March 13, 1929. It was possible that the sentence so pronounced should not have been the final sentence, and if the reviewing court had reversed and it had been necessary to re-try and there had been a second conviction and sentence, then obviously the final sentence would have been the second sentence. It is therefore, true that inasmuch as the case was reviewed, which raised the question of the legality and correctness of the conviction and sentence, it could not until judgment on review definitely be determined whether or not the sentence pronounced at the conviction was the final sentence. When, however, the reviewing court affirmed, the one and only sentence pronounced was the final sentence. There was no remanding for new sentence as in Rosenstein v U. S. C. C. A., 193 Fed. 1022.

The company taking the premiums in the interim between the conviction and affirmance on review, accepted them under the terms of §1206 and was entitled to the benefit of the express language contained in the section to which the defendant in error was bound, viz., "and should a premium or premiums be accepted from such member after such sentence the Society shall not be presumed to have waived such forfeiture and shall be liable only for the return of such premium or premiums as it may have received after such sentence." Had the insured died the day before the United States Circuit Court of Appeals affirmed the conviction, this would have worked a dismissal of the proceeding but would have left the sentence effective as a legal act; (**Nigro v State, 106 Oh St, 659**), and the company could have invoked the express language of §1206 to authorize the return of such premium or pemiums as had been received by it after March 13, 1929, the date of the sentence. The bond which the defendant gives on the execution of a writ of error in the U. S. Court provides among other things that he "shall surrender himself **in execution of the judgment and sen-**

tence appealed from as said court may direct," if the judgment and sentence be affirmed. The error proceeding only accomplished a suspension of execution of sentence or as they say in Federal Court, a stay in proceedings under the sentence. As the facts in this case developed, there was but one sentence which was the final sentence, the date of which was March 13, 1929. Thus, under the terms of the policy the insurance company expressly reserving the right and restricting its liability to the return of premiums received by it after such sentence, was under no contractual liability to pay the face amount of the policies, and, therefore, as there was no such obligation the company could not be heard to deny the right of the defendant in error to have his premiums returned.

Two cases in particular are cited by counsel for plaintiff in error, Baker v Modern Woodmen of America, 140 Mo. Appl., 619, 121 S. W., 794; and Woodmen of the World, v Dodd, et (Tex)., 134 S. W., 254. In the Baker case, §335 of the by-laws of the insurance company provided:

"If any person, after becoming a member of this society, shall be convicted of a crime or felony, the punishment for which may be imprisonment in the penitentiary, he shall by such conviction be expelled from the society without any action being taken by the local camp, executive council, head camp, or any of the officers of the society."

Baker was convicted and sentenced with another by the name of Barrett. It appeared that the insurance company accepted the payment of premiums under conditions which could have amounted to estoppel. There was no specific provision respecting the return of dues paid after sentence as in the policy in the instant case. Baker prosecuted his appeal to the Supreme Court. The court says of this proceeding,

"When the appeal was perfected, and a supersedeas bond tendered and approved, the cause passed out of the jurisdiction of the Circuit Court and was pending, as on a trial at law, before the Supreme Court, as completely as if there instituted. Pending action on the case by the Supreme Court Baker died. His death abated the case, not simply the appeal, but abated the prosecution so that it stood, as far as he was concerned as if no prosecution had ever been entered against him."

The court, at the bottom of page 797, stated that under the circumstances of the case Baker was not a convict and that,

"Construing the language in the certificate of membership and in the by-laws of the defendant organization, we hold that the term, 'shall be convicted of a crime or felony,' as there used, means lawfully convicted, convicted by final judgment that stands and disposes of the case against the defendant beyond all power of reversal or change or annulment by any authority."

In the Dodd case, supra, the benefit certificate provided for forfeiture if member was convicted of a felony.

Proctor, the insured, had been convicted of a felony and died pending determination of his motion for re-hearing on appeal.

The Code of Civil Procedure of Texas provided, that

"The judgment of conviction, if suspended, does not become final while an appeal remains undetermined and also that an accused person is a convict only after final determination by the court of last resort."

It is apparent that Proctor did not stand legally convicted of a felony when he died. The court at page 255 says:

"The words import all that the statute of the state in which the trial is had requires before holding the insured to the status of a convict. So interpreting the meaning of the language of the policy, it could not be said, we think, that the insured at the time of his death had under the laws of this state the legal status of a convict."

Although these cases are helpful and tend to support in particulars the contention of the plaintiff in error, we believe that they can be distinguished and are not decisive of the instant case.

Judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.