

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Walker County
Huntsville, Texas

Dear Mr. Ellingson:

Opinion No.0-2492

Re:  Is an applicant for employment with
the Prison System ineligible because
of the fact that he has heretofore
received a suspended sentence for
crime?

We beg to acknowledge receipt of your letter of June 24, 1940, stating
for a legal opinion the following case:

"An applicant for employment with the prison system recently
appeared before the Prison Service Committee and it was
brought out that he had received a suspended sentence sometime
ago.  His examination grades were good and he appeared to be a
good prospect for placement on the eligible list for employment,
however, before giving final consideration to his case, we
would like to know whether a person in Texas loses his
citizenship when given a suspended sentence by the courts.

"In view of the above we hope you will be able to render us
an opinion on this matter."

There is no general statute or rule in this State disqualifying an applicant
for employment in the public service, such as you state.  The only general
rule of eligibility for civil officers ( and the employment being considered
is somewhat analogous to that) is one of residence.  See 34 Tex. Jur. P.
344, Sec. 15.

There are specific disqualifications with respect to certain offices, and
there is a general provision for the removal of officers for any felony
conviction, or for any misdemeanor conviction involving official
misconduct.  See 34 Tex. Jur. p. 422, Sec. 58.

In the broadest sense of the term citizenship, there is no law visiting upon
one convicted of crime the lose of citizenship.  A convicted citizen of the
State is yet a citizen, but one whose civil rights have been specially
taken away or limited in certain respects.  Thus, a person convicted of any

felony, except where restored to full citizenship and right of suffrage, or pardoned, is not allowed to vote. Rev. Civ. Stat., Art. 2954. Such person is not permitted to testify in a criminal case except in certain defined instances. Code Crim. Proc., Art. 708. So, also, one who has been convicted of a felony is disqualified for jury service in a civil case. Rev. Civ. Stat., Art. 2133 (6).

In all cases, however, where conviction works a forfeiture of civil rights, the authorities in this case have held that the penalty does not extend to those receiving a suspended sentence. The logic of such conclusion is that all penalties and consequences of the conviction are suspended -- held in abeyance -- by the judgment of suspension, and that the ordinary penalties and consequences of conviction do not apply, for there has been no final conviction. See:

> Burnett vs. State, 201 S. W. 409;
> Bryant vs. State, 206 S. W. 5 8;
> Keith  vs. State, 282 S. W. 251;
> Espinosa vs. State, 165 S. W. 208;
> Herrington vs. State, 89 S. W. (2) 991;
> Aldridge vs. Hamlin, 184 S. W. 602
>       (implied holding)

We are, therefore, of the opinion the applicant is in no way disqualified for employment by reason of having been convicted and given a suspended sentence.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/          Ocie Speer

By

Ocie Speer
Assistant

OS:MR/dw

APPROVED JUL. 8, 1940
s/ GLENN R. LEWIS
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN