

# NUMBER 13-12-00394-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARCUS DURHAM,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Marcus Durham appeals his conviction of assault—family violence (impeding breath or circulation), a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West, Westlaw through 2013 3d C.S.). Appellant pleaded not guilty, but a jury found him guilty and assessed punishment at seven years' confinement in the Texas Department of Criminal Justice, Institutional Division. By two issues, appellant argues the trial court should not have admitted: (1) testimony of a former girlfriend

Kimberly Flores that exceeded the scope of the rebuttal; and (2) Flores's testimony that appellant offered to marry her and pay her his federal income tax rebate to not testify against him. We affirm.

## I. BACKGROUND

Kimberly Flores called 911 after appellant, her boyfriend at the time, allegedly hit and choked her. The responding officers observed bruises on Flores's face, neck, arms, and legs. Flores showed a female officer bruises on Flores's chest and hip. Another officer took photographs, which were admitted at trial, of the bruises on Flores's body.

Flores testified appellant head butted, kicked, bit, and "slapped me around. He grabbed ahold of my neck until I could not breathe. I almost passed out." In the admitted photographs, Flores identified bite marks and bruises. Another officer noted the bruising on Flores's neck in the photos. After the State rested, appellant's father testified appellant stayed at his house rather than with Flores on the night of the alleged altercation.

## II. REBUTTAL EVIDENCE

By his first issue, appellant argues the trial court erred by allowing the State to re-call Flores for rebuttal testimony. The following exchange between the State and Flores at the beginning of her rebuttal examination helps to explain the State's decision to re-call her:

Q:    Okay. Ms. Flores, after you testified a few minutes ago during the break, you and I talked out in the hallway there, right?

A:    Yes, sir.

Q:    And you reminded me about something that I forgot to ask about?

2

A:     Yes, sir.

Q:     And specifically, what was that?

Defense counsel objected on the grounds that "what was forgotten to be testified to is outside the scope of rebuttal." The trial court overruled the objection, and Flores testified that the altercation between appellant and her resulted from him asking her if she was pregnant. Flores confirmed that about one week after the fight she discovered she was pregnant. She further testified that she had a miscarriage later in the pregnancy.[1]

"Rulings of the court on questions regarding the order of proof will not be disturbed in the absence of a showing of an abuse of discretion." *Laws v. State*, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977); *see Barnard v. State*, 87 Tex. Crim. 365, 367 (1920) (holding that order of testimony "is confided largely to the discretion of the trial courts; and their actions regulating same will ordinarily be upheld, unless by some unusual variance from the customary procedure some injury appears probable . . . ."). Under this standard, we uphold the trial court's ruling so long as it was within the zone of reasonable disagreement and correct under any theory of law applicable to the case. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

In general, "[t]he prosecution is entitled on rebuttal to present any evidence that tends to refute the defensive theory of the accused and the evidence introduced in support of it." *Laws*, 549 S.W.2d at 741; *see* TEX. CODE CRIM. PROC. ANN. art. 36.01 (West, Westlaw through 2013 3d C.S.); *Flannery v. State*, 676 S.W.2d 369, 370 (Tex. Crim. App. 1984) (en banc) (per curiam). In addition, "[t]he court shall allow testimony to be

---

[1] There was no testimony or indication that the miscarriage was related to the underlying altercation in this case.

3

introduced at any time before the argument of a cause is concluded[] if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02 (West, Westlaw through 2013 3d C.S.).

Even when rebuttal evidence does not refute a defensive theory or could have been presented during the State's case-in-chief, Texas has long refrained from imposing the common-law strictures governing order of presentation to exclude evidence. *See Lackey v. State*, 638 S.W.2d 439, 457 (Tex. Crim. App. 1982) (en banc) ("This Court has often held that this statute [Texas Code of Criminal Procedure article 36.02] and its predecessors mean that testimony may be introduced in the rebuttal portion of a trial whether it specifically rebuts other testimony or not."); *Laws*, 549 S.W.2d at 741 (overruling complaint that the State's rebuttal evidence did not relate to defensive theories); *McClellan v. State*, 118 Tex. Crim. 473, 476 (1931) ("Whether the testimony proposed to be introduced [at rebuttal] is in rebuttal or not is immaterial[] if it appear[s] to be necessary to a due administration of justice."); *Townsley v. State*, 103 Tex. Crim. 508, 514–15 (1926) ("The strict rule with reference to direct and rebuttal testimony is not enforced in this state in the trial of criminal cases . . . ."); *Hardy v. State*, 89 Tex. Crim. 469, 473 (1921) (responding to complaint that State presented non-rebuttal evidence, explaining, "The common-law rule does not apply in this state in criminal cases."); *Barnard*, 87 Tex. Crim. at 367 ("The order of testimony is not fixed by ironclad rules under our practice . . . ."); *Montgomery v. State*, 68 Tex. Crim. 78, 83 (1912) ("[T]he common-law rule is practically abrogated by the provision of our Code of Criminal Procedure [article 36.02] which authorizes the court to admit testimony at any time before argument is

4

concluded . . . ."); *Upton v. State*, 33 Tex. Crim. 231, 232 (1894) ("It was not necessary that the evidence introduced should have been in rebuttal.").

Although Flores's rebuttal testimony did not counter any defensive theory, we disagree that the trial court erred in admitting the evidence because the court had discretion to admit relevant evidence, regardless of whether it was better suited for the State's case-in-chief than rebuttal. *See* TEX. CODE CRIM. PROC. ANN. art. 36.02; *Lackey*, 638 S.W.2d at 457; *Laws*, 549 S.W.2d at 741; *McClellan*, 118 Tex. Crim. 473, 476; *Townsley*, 103 Tex. Crim. at 514–15; *Hardy*, 89 Tex. Crim. at 473; *Barnard*, 87 Tex. Crim. at 367; *Montgomery*, 68 Tex. Crim. at 83; *Upton*, 33 Tex. Crim. at 232. There being no abuse of discretion, we overrule appellant's first issue.

### III. HEARSAY

By his second issue, appellant contends the trial court erred in overruling his objection to Flores's direct-examination testimony that appellant offered to marry her and pay her to not testify against him. When she presented this testimony, defense counsel objected, asserting, "Your Honor, I'm going to have to object to the latter parts of Ms. Flores's comments—comments on what—against what's my client's requests are." The trial court overruled the objection.

On appeal, appellant characterizes the trial objection as a hearsay one. We are not convinced the trial court was made aware that the objection hinged on hearsay. To object, a party must timely object, stating the "specific ground of objection." TEX. R. EVID. 103(a). To preserve error, a party must timely object "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). Having timely and specifically objected at trial,

5

the error alleged on appeal must comport with the trial objection. *See id.*; *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("legal basis of a complaint raised on appeal cannot vary from that raised at trial").

Here, it is unclear from the objection and context what the objection specifically targeted. We hold appellant's hearsay objection is unpreserved for our review. *See* Tex. R. App. P. 33.1(a); *Heidelberg*, 144 S.W.3d at 537. Even had error been preserved, appellant's statements offered against him were non-hearsay admissions under Texas Rule of Evidence 801(e)(2)(A). *See* Tex. R. Evid. 801(e)(2)(A); *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) (en banc) ("[W]e agree with the State that Juan Gonzales'[s] testimony that appellant told him not to say anything to [the] police" was "admissible under Rule 801(e)(2)(A) as the admission[] of a party.").[2]

We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
11th day of September, 2014.

---

[2] Appellant also seems to challenge the relevance of the statements, but he did not object on relevance grounds in the trial court. *See* Tex. R. App. P. 33.1 (requiring a specific objection for preservation); *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("The legal basis of a complaint raised on appeal cannot vary from that raised at trial"). Appellant also claims the statements were inadmissible under Texas Rules of Evidence 404(b) and 406, but appellant did not object under those rules at trial, rendering them unpreserved. *See* Tex. R. App. P. 33.1; *Heidelberg*, 144 S.W.3d at 537.