**Gregory Ray LAWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53155.**

Court of Criminal Appeals of Texas.

April 27, 1977.

Walter J. Pink, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and James A. Moseley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Gregory Laws appeals from a conviction for the offense of aggravated robbery. The jury assessed punishment at five years.

The evidence shows that on March 20, 1974, at approximately 4:15 p. m., three armed black men robbed owners of Kipperman's Pawn Shop in Houston. The robbers took several guns and placed them in a Hawaiian guitar case. They also took cash from the safe and register as well as a coin collection and a tray of diamonds. The three men made some of the customers in the store assist them in putting the guns in the case. The owners of the shop and the customers were then made to lie down on the floor and the three men fled.

Appellant challenges the legality of the search of his vehicle and the admission of the evidence seized as a result of that search. Officer R. D. Robinson and his partner of the Houston Police Department were directed to investigate the robbery at Kipperman's Pawn Shop. They looked for the get-away vehicle which had been described as ". . . 1967 to 1969 Oldsmobile Cutlass, light blue in color, two door, and with 1974 Texas license, . . . RSK 176." The two officers immediately went to an apartment project on Mykawa Road. Within fifteen or twenty minutes after the robbery they saw an unoccupied vehicle which matched the description of the one involved in the robbery. They found that the tires and hood were still warm. They pulled away from the car and went across the street into another complex and set up surveillance. While they waited they radioed for a description of the suspects. Also, they requested the dispatcher check with the witnesses since the description of the car matched but the license plate number was "RHR 178" instead of "RSK 176." Shortly, a pickup truck pulled in behind the car. Two individuals then walked in between the truck and the car and opened the trunk. Officers noticed the guitar case matching the description of the

one which had been reported as taken in the robbery on the ground. Appellant was standing directly behind the trunk of the car.

The officers moved in and arrested appellant and his companion. Three pistols were found on appellant, a .25 automatic and two .38 revolvers, as well as a bullet holder with twelve bullets. In the trunk of the car the officers found several more pistols wrapped in a sheet and other items which had been taken in the robbery. The guitar case also had several pistols in it. Approximately $120.00 in cash was found on appellant.

■ The victims and witnesses gave police a description of the robbers and the vehicle in which they made their escape. Officer Robinson and his partner had responded to the call to investigate the robbery. Within fifteen or twenty minutes they saw a vehicle matching the description broadcast. The license number was different but similar. The car was still warm and appeared as though it had been parked hurriedly. Appellant matched the description of one of the suspects. He was standing by the open trunk and the guitar case. The officers were authorized to arrest appellant and his companion. The search incident to their arrest was authorized and the fruits thereof were admissible into evidence. Probable cause existed for appellant's arrest and search.

■ Next, appellant complains of the trial court's failure to submit to the jury his special requested charge on identification. Both Kipperman and his wife identified appellant as one of the robbers as did Bobby Singleton, a customer present during the robbery. However, Mrs. Kipperman's identification was undermined by testimony that she was unable to even tentatively identify appellant at a lineup the following day and that she had stated immediately following the robbery that she could not identify appellant and gave police investigators a description which did not fit appellant. Mr. Kipperman's identification remained unimpeached as did Singleton's. In fact, appellant's counsel put on evidence of the lineup conducted the morning following the robbery which showed that Mr. Kipperman positively identified appellant. His trial counsel was present at the lineup when Kipperman identified Laws.

Appellant requested the court to instruct the jury that if they had a reasonable doubt that appellant had been mistakenly identified to find him not guilty. The court did not err in refusing to submit the instruction because it would have been singling out particular parts of the testimony. In *Dunne v. State,* 98 Tex.Cr.R. 7, 263 S.W. 608 (1924), this Court held that it was not proper to single out evidence in instructing the jury. See Article 36.14, V.A.C.C.P., Notes 743–744. The court instructed the jurors that they had to believe appellant guilty beyond a reasonable doubt before finding him guilty.

■ The contention that the trial court erred in denying his requested charge on the law of circumstantial evidence is without merit.

Laws was positively identified as being one of the robbers. This is direct evidence of his participation in the commission of the offense and a charge on circumstantial evidence was not called for. See *McClanahan v. State,* 394 S.W.2d 499 (Tex.Cr.App.1965).

■ He also contends that the trial court erred in refusing to submit his requested charge on the law of reasonable doubt. The court's charge applied the doctrine of reasonable doubt and adequately protected appellant's rights. No error was committed. See *Mitchell v. State,* 517 S.W.2d 282 (Tex.Cr.App.1974).

■ His fifth ground of error alleges that the trial court erred in allowing testimony from witnesses after the State had closed.

Article 36.02, V.A.C.C.P., provides:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

After calling three witnesses, the State rested but did not close. Appellant called twelve witnesses. The State then called four witnesses in rebuttal. The power to regulate and control the order in which evidence is introduced is vested in the trial judge as a matter directed to his discretion. 56 Tex.Jur.2d, Trial, Section 114, page 460. Rulings of the court on questions regarding the order of proof will not be disturbed in the absence of a showing of an abuse of discretion. The prosecution is entitled on rebuttal to present any evidence that tends to refute the defensive theory of the accused and the evidence introduced in support of it. 56 Tex.Jur.2d, Trial, Section 116, page 461; Article 36.01, V.A.C.C.P., and cases cited therein. Even if the State had closed it would have been within the discretion of the trial judge to allow the State to reopen. Article 36.02, *supra*. No abuse of discretion has been shown.

█ Lastly, appellant contends that the trial court erred by admitting into evidence a photograph of him depicting his appearance on the date of his arrest. We disagree and overrule his contention.

Much of the identification testimony centered on whether or not appellant had long sideburns and a goatee on the day of the offense. There was also testimony that he was bald. The photograph was admitted to show his appearance at the time of his arrest. Just as a verbal description of appellant's appearance at the time of his arrest is admissible, so too is the photograph that accurately depicts such. *Reeves v. State,* 491 S.W.2d 157 (Tex.Cr.App.1973); *Denny v. State,* 473 S.W.2d 503 (Tex.Cr. App.1971).

No reversible error having been shown, the judgment is affirmed.

ROBERTS, J., concurs in the result.