NUMBERS 13-05-431-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PAUL EDWARD GONZALEZ, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 26th District Court

of Williamson County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Appellant, Paul Edward Gonzalez, appeals his conviction for aggravated sexual
assault of a child (count one), indecency with a child by contact (count two), and indecency
with a child by exposure (count three). (1) After finding appellant guilty on all three counts, the
jury assessed his punishment at 65 years' imprisonment on count one, 15 years'
imprisonment on count two, and 10 years' imprisonment on count three. The trial court
sentenced appellant accordingly, ordering the sentences to run concurrently. In five issues,
which we have renumbered herein, appellant challenges his conviction by alleging (1) the
evidence is legally insufficient to support his conviction, (2) the State introduced improper
rebuttal evidence, (3) he received ineffective assistance of counsel, and the trial court
abused its discretion by (4) allowing the admission of hearsay evidence and by (5) failing
to determine, prior to testimony, that the complainant understood the nature of her oath to
testify truthfully. We affirm.

Issue One: Legal Sufficiency

 When there is a challenge to the legal sufficiency of the evidence to sustain a
criminal conviction, we consider whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. (2) We review all the evidence
in the light most favorable to the verdict and assume that the trier of fact resolved conflicts
in the testimony, weighed the evidence, and drew reasonable inferences in a manner that
supports the verdict. (3) It is not necessary that every fact point directly and independently to
the defendant's guilt; it is enough if the conclusion is warranted by the combined and
cumulative force of all the incriminating circumstances. (4) We consider even erroneously
admitted evidence. (5) The jury is the exclusive judge of the credibility of witnesses and of the
weight to be given their testimony. (6) Reconciliation of any conflicts in the evidence is within
the exclusive province of the jury. (7)

 Appellant only challenges the legal sufficiency of the evidence supporting his
conviction for aggravated sexual assault, for which the State had to prove beyond a
reasonable doubt that appellant intentionally or knowingly penetrated the mouth of a child
younger than 14 years of age with his sexual organ. (8) According to appellant, there is no
evidence that his sexual organ penetrated the mouth of E.C., who was eleven years of age
at the time of her outcry.

 The jury was shown a videotape of an interview between E.C. and Herminia
Martinez, a forensic interviewer employed by the Williamson County Children's Advocacy
Center. Appellant did not object to the video being entered into evidence or being shown
to the jury. The interview contained the following exchange:

 Martinez: Well, when you were telling me about that [appellant] took off his
clothes and showing you his body and then he's putting his private in your
mouth?


 E.C.: That's when I was nine and 10 years old.


 Martinez: When you were nine and 10. So this happened one time or more
than once?


 E.C.: More than once.


 Martinez: When he's trying to put his private in your mouth?


 E.C.: (Nodding)


 Martinez: Has he--has his private ever gone inside your mouth?


 E.C.: Yes.


E.C. testified after the video was shown to the jury. On direct-examination, E.C. revealed
the following:

 Q [Prosecutor]. Okay. And did [appellant] ever come close enough to you to
touch you with his private?


 A [E.C.]. Yes.


 . . . .


 Q. Did he ever put it inside your mouth at all?


 A. No.


 Q. Not all the way but ever a little ways?


 A. Yes.


 Q. And we talked about this, right?


 A. Yes.


 Q. So even though he didn't put it all the way inside your mouth, how many
times do you think he put it a little ways in? 


 A. How many times?


 Q. Uh-huh.


 A. Like several, just not that much.


 The jury could reasonably infer appellant's "private" is his sexual organ. 
Furthermore, the jury could reasonably infer from E.C.'s testimony that appellant's sexual
organ penetrated her mouth; this testimony provided legally sufficient evidence to support
appellant's conviction for aggravated sexual assault. (9) Even without E.C.'s testimony, her
videotaped statement provided sufficient evidence to support appellant's conviction. (10) 
Accordingly, after reviewing this evidence in the light most favorable to the verdict, we
conclude that any rational trier of fact could have found the essential elements of
aggravated sexual assault beyond a reasonable doubt. Therefore, the evidence is legally
sufficient to support the jury's finding that appellant committed aggravated sexual assault. 
Appellant's first issue is overruled.

Issue Two: Improper Rebuttal Evidence

 We review a trial court's decision to admit or exclude evidence under an abuse of
discretion standard. (11) We look to see whether the court acted without reference to any
guiding rules or principles. (12) The mere fact that a trial court may decide a matter within its
discretionary authority differently than a reviewing court does not demonstrate such an
abuse. (13) Therefore, we will not reverse a trial court whose ruling was within the "zone of
reasonable disagreement." (14)

 Appellant introduced the testimony of Cheryl Moore, the custodian of records for
Children's Hospital of Austin, during his case-in-chief. Moore presented E.C.'s medical
records, which included notes made by Dr. Beth W. Nauert. Moore read the notes aloud,
which included the following excerpt: "Overall impression: This patient has a normal
physical examination which is consistent with her history of being forced to view sexual acts
performed by [appellant] as well as on video but does not prove it." The State then
presented, over appellant's objection, Dr. Nauert as a rebuttal witness. Dr. Nauert testified
that she performed a physical examination of E.C. for the purpose of investigating
suspected sexual abuse. Dr. Nauert testified that E.C. exhibited no physical signs of sexual
abuse. The prosecutor then asked Dr. Nauert if she would expect to find physical evidence
to support E.C.'s "outcry that the defendant had put his penis inside her mouth," to which
she responded, "Usually not."

 The prosecution is entitled on rebuttal to present any evidence that tends to refute
the defensive theory of the accused and the evidence introduced in support of it. (15) In the
instant case, the prosecution may have presented Dr. Nauert to refute the implied
contention that the note's reference to E.C.'s "normal physical examination" constitutes
evidence that appellant did not place his sexual organ in E.C.'s mouth. The State was
therefore entitled to present Dr. Nauert as a witness. Furthermore, even if the trial court
erred in allowing Dr. Nauert to testify, appellant asserts no practical basis for finding that he
was harmed by her testimony. Unable to find a practical basis ourselves, we find that the
trial court's error, if any, in allowing Dr. Nauert to testify, was harmless. Appellant's second
issue is overruled.

Issue Three: Ineffective Assistance of Counsel

 In his third issue, appellant complains that he was deprived of effective assistance
of counsel because his counsel (1) failed to object to evidence related to appellant's
possession of sexually explicit movies, (2) elicited testimony from Detective Philpott
concerning appellant's body language during the non-custodial interview, and (3) failed to
object to Detective Philpott's statement that it was rare for a child to give a description that
was as detailed as that given by E.C. if the abuse did not actually occur.

 The standard of review of ineffectiveness of counsel is well established. (16) To prevail
on an ineffective assistance of counsel claim, appellant has the burden of proving his trial
counsel's advice was not within the range of professional competence demanded of
attorneys in criminal cases, and that, but for his counsel's errors, there is a reasonable
probability the outcome of his trial would have been different. (17)

 We "indulge [in] in a strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance," and that "the challenged action 'might be
considered sound trial strategy.'" (18) An allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. (19) Normally, trial counsel should be afforded an opportunity to explain his
or her actions "before being condemned as unprofessional and incompetent." (20)

 Generally, the record on direct appeal is not sufficient to show trial counsel's tactical
or strategic reasons for his trial decisions; thus it is usually insufficient to overcome the
presumption of reasonable and professional conduct. (21) It is incumbent on appellant to
present a record on appeal that shows a lack of plausible trial strategy. (22) In the face of a
record silent as to counsel's strategy, the appellate court should not speculate about
counsel's tactics or reasons for taking or not taking certain actions. (23)

 No post-trial evidentiary hearing was held on appellant's motion for new trial. The
motion for new trial did not allege ineffective assistance of counsel. This being the case,
our review is limited to the trial record. That record does not reflect trial counsel's reasoning
behind his tactical or strategic decisions, and we may not speculate that no plausible
professional reasons exist. (24) Because defense counsel has not been given an opportunity
to explain his actions, he may not, on this record, be condemned as unprofessional and
incompetent. (25)

 We conclude appellant has failed to present a sufficient record to rebut the
presumption of reasonable and professional conduct by trial counsel. (26) We overrule
appellant's third issue.

Issue Four: Admission of Hearsay Evidence

 Appellant argues that the trial court abused its discretion when it permitted the
videotaped interview of E.C. and Martinez to be shown to the jury because the videotape
constituted inadmissible hearsay evidence. The State responds by asserting that
appellant's argument is waived because he failed to object to the presentation of the
videotape. To preserve an issue for appellate review, a party is required to show: (1) a
timely and specific request, objection, or motion bringing the issue to the trial court's
attention; and (2) the trial court ruled on the party's request, objection, or motion, or the trial
court refused to rule and the party objected to that refusal. (27)

 At trial, appellant objected to Martinez's testimony on the ground that it would simply
be "bolstering" testimony. No objection, however, was raised against the videotape, which
was introduced during the State's direct-examination of Martinez. Accordingly, because
appellant did not make a timely and specific objection at the time the complained of
evidence was offered, we find that he has not preserved this issue for appeal. Appellant's
fourth issue is overruled.

Issue Five: E.C.'s Ability to Understand Nature of Oath

 Appellant contends the "trial court abused its discretion when it failed to determine,
prior to testimony, that [E.C.] understood the nature of the oath to tell the truth and her duty
and obligation to tell the truth and her duty and obligation to tell the truth." In response, the
State asserts that appellant has failed to preserve this issue for appellate review. The
record shows that appellant failed to request the trial court to conduct an examination of
E.C. and raised no objection to the competency of E.C. to testify. We thus find that
appellant has failed to preserve the error, if any. (28) Appellant's fifth issue is overruled.

Conclusion

 We affirm the trial court's judgment.



 _________________________

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 30th day of August, 2007.
1. §§ 
2. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005).
3. See Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).
4. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).
5. Id.
6. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).
7. Id.
8. See Tex. Penal Code Ann. § 21.11.
9. See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005).
10. See Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (finding that child's videotaped
statement that appellant had engaged in sexual acts with her constituted legally sufficient evidence to support
appellant's conviction for indecency with a child).
11. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).
12. See Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).
13. See Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g).
14. Green, 934 S.W.2d at 102.
15. Laws v. State, 549 S.W.2d 738, 741 (Tex. Crim. App. 1977).
16. See Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999).
17. Id. at 691.
18. Id. at 689.
19. Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).
20. Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).
21. See Bone, 77 S.W.3d at 833.
22. See Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994).
23. See Bone, 77 S.W.3d at 833-35.
24. See id. at 836.
25. See id.
26. See Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (rejecting ineffective assistance
claim for insufficient record).
27. Tex. R. App. P. 33.1(a).
28. See Grayson v. State, 786 S.W.2d 504, 505 (Tex. App.-Dallas, no pet.).