NO. 07-12-0144-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2013

_____

ABRIAN CASAREZ,

                                                    Appellant

v.

THE STATE OF TEXAS,

                                                    Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2011-464,873; HONORABLE DRUE FARMER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Abrian Casarez challenges his misdemeanor conviction for driving while intoxicated. His sole issue involves the trial court's decision to allow the State to proffer rebuttal evidence. According to appellant, that decision gave the State an "unfair advantage," and "denied . . . [him] his constitutional right to a fair trial, due process of law and effective assistance of counsel . . ." since the rebuttal testimony was redundant of prior testimony. We overrule the issue for several reasons.

First, the grounds for objection uttered at trial must comport to those urged on appeal. *Lucio v. State,* 351 S.W.3d 878, 890 (Tex. Crim. App. 2011). And, though appellant objected to the rebuttal testimony by stating "objection," "[n]o new evidence has been brought up" and "[b]olstering [of] the witness," nowhere did he mention the constitutional rights to a fair trial, due process, or the effective assistance of counsel. Thus, the grounds urged before us do not comport with those disclosed at trial and were not preserved for review.

Second, appellant testified on his own behalf. In response to the State's evidence that he turned the wrong way on a one-way street and jumped a concrete median to correct the situation, appellant not only denied that but contended that there was no such median present. Instead, what the troopers supposedly saw was a concrete curb on the other side of the road. The rebuttal testimony addressed that topic for the most part. The officers, during rebuttal, attested that there was no concrete curb on the far side of the road, only a concrete median. So, their comments were uttered in answer to appellant's description of the scene, a description which had not been mentioned by anyone before appellant testified. Thus, the rebuttal in question was proffered to contradict new evidence and the defensive theory offered by appellant and we cannot say that the trial court erred in admitting it as valid rebuttal testimony. *See Laws v. State,* 549 S.W.2d 738, 741 (Tex. Crim. App. 1977) (recognizing that the prosecutor is entitled to present evidence that tends to refute the defensive theory of the accused and the evidence introduced in support of it); *Jensen v. State,* 66 S.W.3d 528, 539 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd) (stating the same).

We overrule appellant's issue and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.